LOWENSTEIN v. EVANS et al.

(Circuit Court, D. South Carolina.    October 9, 1895.)

1. MONOPOLIES AND TRUSTS—MONOPOLY BY STATE.
    The act of July 2, 1890 (26 Stat. 209, c. 647), to protect trade and com-
    merce against unlawful restraints and monopolies, is not applicable to the
    case of a state which, by its laws, assumes an entire monopoly of the
    traffic in intoxicating liquors (Act S. C. Jan. 2, 1895).    A state is neither a
    "person" nor a "corporation," within the meaning of the act of congress.

2. SAME—NECESSARY PARTIES—JURISDICTION OF FEDERAL COURTS.
    Where a person brings an action under section 7 of the anti-trust law of
    July 2, 1890, against the officials of a state, to recover damages for acts
    done under authority of a state statute, which gives the state an entire
    monopoly of the traffic in intoxicating liquors (Act S. C. Jan. 2, 1895), the
    state itself is a necessary party thereto, and consequently the federal courts
    would have no jurisdiction of the action.

This was an action brought under the seventh section of the act
of congress of July 2, 1890, entitled "An act to protect trade and
commerce against unlawful restraints and monopolies."
    The complaint was as follows:

The complaint of the above-named plaintiff respectfully shows to this court:
(1) That the plaintiff, Julius Lowenstein, is a citizen of the state of North
Carolina, and is engaged in business in Statesville in said state, under the
name and style of Lowenstein & Co.   (2) That the defendants are each and
all of them citizens of the state of South Carolina.   (3) That the defendants
John Gary Evans, D. H. Tompkins, and James Norton, styling themselves a
"State Board of Control," and the defendant Frank M. Mixson, styling him-
self "State Commissioner," together with divers other persons, to the plain-
tiff unknown, prior to the time hereinafter mentioned, under the pretended
authority of a certain act of the legislature of the state of South Carolina,
entitled "An act to further declare the law in reference to, and further regu-
late the use, sale, consumption, transportation and disposition of alcoholic
liquids or liquors within the state of South Carolina, and to police the same,"
approved January 2, 1895, combined to monopolize a certain part of the trade
and commerce among the states and foreign nations, to wit, the trade in
alcoholic liquids and liquors, including whiskys, brandies, wines, ales, and
beer, to prevent the purchase of such whiskys, brandies, wines, ales, and
beer from citizens of other states and foreign nations, and to prevent the
importation thereof into this state in restraint of the trade and commerce
between the states and foreign nations, and to discriminate against the prod-
ucts of other states and the citizens of other states, in favor of the products
of the state of South Carolina and the citizens of said state, which said
legislative enactment the plaintiff is advised and therefore alleges is null
and void, in this: that the same is in contravention of an act of congress
entitled "An act to protect trade and commerce against unlawful restraint
and monopoly," approved July 2, A. D. 1890, in that the said legislative en-
actment undertakes to and does create a monopoly in the traffic in alcoholic
liquors, and operates as a restraint upon the trade among the states and
foreign nations in such traffic.   (4) That the plaintiff now is, and was at
the time hereinafter mentioned, engaged in the business of a manufacturer
and wholesale dealer in spirituous liquors at Statesville, in the state of North
Carolina, and in the prosecution and conduct of his said business, and, in
the exercise of the right to engage in interstate commerce, he had from time
to time sold, shipped, and delivered whiskys and other liquors to persons
residing in states, other than the state of North Carolina; that in pursuance
of his said business, and in exercise of the rights conferred by and reserved
in the constitution and laws of the United States, on the 27th day of May,
A. D. 1895, he delivered one barrel of whisky, of the value of fifty-seven and

$^{38}/_{100}$ dollars, to the Southern Railway Company, at Statesville, in the state of North Carolina, to be transported by said company and connecting lines to Charleston, in the state of South Carolina, marked and consigned to Thomas Hartigan, but the title to said property still remained in the plaintiff. (5) That on the 29th day of May, A. D. 1895, while the said barrel of whisky was in transit, at Columbia, in the state of South Carolina, and within this district, certain persons, to the plaintiff unknown, without warrant of law, entered the cars of the common carrier so engaged in the transportation of said whisky and of interstate commerce, and then and there took the said whisky, and carried the same away, and thereafter delivered and caused said whisky to be delivered unto the defendant Frank M. Mixson, who thereupon, and in furtherance of said combination and monopoly, and in restraint of the trade and of interstate commerce, received the same, and has retained and detained the same from the plaintiff. (6) That the wrongful and unlawful acts of the said persons unknown, and of the said Frank M. Mixson, as aforesaid, in the seizure and detention of said whisky, was done in pursuance of the combination and in furtherance of the monopoly aforesaid, and by and under the directions of the other defendants, intending thereby to deter and prevent the plaintiff from engaging in trade with the citizens and residents of the state of South Carolina, and to that extent to prevent the plaintiff from engaging in interstate commerce, and for the purpose of monopolizing the trade in spirituous liquors, in contravention of the act of congress aforesaid. (7) That, by reason of the unlawful seizure and detention of said whisky, the plaintiff has been greatly injured, to his damage fifty-seven and $^{38}/_{100}$ dollars. Wherefore the plaintiff demands judgment against the defendants for three times the amount of his said damage, to wit, one hundred and seventy-one and $^{84}/_{100}$ dollars, for a reasonable attorney's fee, and for his costs, as provided in the act of congress aforesaid.

Murphy, Farrow & Legare, for plaintiff.

Wm. A. Barber, Atty. Gen. of South Carolina, and C. P. Townsend, Asst. Atty. Gen., for defendants.

SIMONTON, Circuit Judge. This is an action brought under the seventh section of the act of congress approved July 2, 1890, entitled "An act to protect trade and commerce against unlawful restraints and monopolies" (26 Stat. 209, c. 647). The section is in these words:

"Any person who shall be injured in his property or business by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act may sue therefor in any circuit court of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover three-fold the damages by him sustained and the costs of the suit, including a reasonable counsel fee."

The act declares:

"Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce among the several states or with foreign nations is hereby declared illegal."

The cause of action set out in the complaint is on this statute of 1890, and seeks the special remedy provided in the statute. The relief is sought, not because the rights of the plaintiff were violated, but because they were violated in order to enforce and perpetuate a monopoly declared illegal by this statute. The defendants interpose a demurrer on two grounds: First, that on the face of the complaint this court has no jurisdiction of the matters and things forming the subject of this action; second, that from the face of the complaint it does not state facts sufficient to constitute a cause of action cognizable in this court.

### The Jurisdiction.

The first ground of demurrer was sustained in argument, because this is an action against the state, and the state is a necessary party thereto. The act of 1890 strikes at contracts, combinations, and conspiracies in restraint of or to monopolize trade and commerce among the several states or with foreign nations. U. S. v. E. C. Knight Co., 156 U. S. 17, 15 Sup. Ct. 249. The complaint charges that the defendants Evans, Tompkins, and Norton, styling themselves a "State Board of Control," and Mixson, styling himself "State Commissioner," together with divers other persons to the plaintiff unknown, under the pretended authority of an act of the legislature of South Carolina, "giving the title of the act," combined to monopolize a certain part of the trade and commerce among the states and foreign nations, to wit, the trade in alcoholic liquids and liquors with citizens of other states and foreign nations, to prevent their importation into this state, and to discriminate against the products and citizens of other states in favor of the products and citizens of the state of South Carolina. This act of the legislature of South Carolina, the complaint avers, is void as in contravention of the act of 1890.

Does this act of the legislature of South Carolina authorize contracts or combinations in form of trust or otherwise, or conspiracy in restraint of trade or commerce among the several states or with foreign nations? Does it create a monopoly, and in whom? The answer to this question must be found in the act. It is entitled "An act to further declare the law in reference to and further regulate the use, sale, consumption, transportation and disposition of alcoholic liquids or liquors within the state of South Carolina and to police the same," approved January 2, 1895. It is impossible after examining this act to avoid the conclusion that it declares in the state the monopoly in the purchase and sale of alcoholic liquors. Not only so, but it protects this monopoly in the state in every way possible and by the most drastic methods. Every attempt to interfere with this monopoly by the receiving, keeping, vending, giving away, or mercantile use of alcoholic liquors, is made an offense against the state, punishable by criminal proceedings in her name in her courts. The governor, secretary of state, and comptroller general are officially charged with the direction and enforcement of this monopoly. The monopoly is not given to them. They have no pecuniary interest whatever in it. All the profits of the monopoly go to the state, to be used and applied for public purposes,—increase of her revenue. The close analysis made of the act by the counsel for the plaintiff shows that this was their conviction. They find that its manifest object is to raise revenue, and not to prevent the consumption of liquor, except that owned and furnished by the state; that $50,000 was appropriated from the public treasury for the purpose of purchasing liquors and to enable the state to go into the business of buying and selling intoxicating liquors; that liquors are not contraband, except when not purchased from a dispenser,—that is, one who holds and sells for the state; that the act creates a monopoly. So, also, Chief Justice McIver, speaking for the majority of the supreme court

of South Carolina, in McCullough v. Brown, 41 S. C. 220, 19 S. E. 458, dissecting the dispensary law, says:

"The manifest object of the act is that the state shall monopolize the entire traffic in intoxicating liquors, to the entire exclusion of all persons whomsoever, and this, too, for the purpose of profit to the state and its governmental agency. * * * We think it safe to say that it is an act forbidding the manufacture or sale of intoxicating liquors as a beverage within the limits of this state by any private individual, and vesting the right to manufacture and sell such liquors in the state exclusively, through certain designated officers and agents."

This act of the legislature of South Carolina evidently does not create in nor give to any individuals the monopoly. It gives it wholly and entirely to the state.

Now, the question to be decided is not as to the constitutionality of this act, nor whether it be in the lawful exercise of the police power, but whether, in declaring and asserting this monopoly in herself, and in assuming and controlling its enforcement, the state comes within the provisions of the act of congress of 1890. That act, as has been seen, declares illegal every contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce among the several states or with foreign nations. But by this act the state makes no contract, enters into no combination or conspiracy. She declares and asserts in herself the monopoly in the purchase and sale of liquors. The section of the act of 1890, sued upon, gives a right of action for any injury by any other person or corporation. The state is not a corporation. A corporation is a creature of the sovereign power, deriving its life from its creator. The state is a sovereign having no derivative powers, exercising its sovereignty by divine right. The state gets none of its powers from the general government. It has bound itself by compact with the other sovereign states not to exercise certain of its sovereign rights, and has conceded these to the Union, but in every other respect it retains all its sovereignty which existed anterior to and independent of the Union. Nor can it be said that the state is a person in the sense of this act. Even were this the case, as the monopoly now complained of is that of the state, no relief can be had without making the state a party, and this destroys the jurisdiction of this court. No opinion whatever is expressed as to the right of the plaintiff for violation of his common-law rights. In this proceeding and under the act of 1890, he must seek his remedy against the holder of the monopoly; and, as in the present case the monopoly is in the state, this court has no jurisdiction. The demurrer is sustained, and the complaint is dismissed.

As this case has gone off on the demurrer, a copy of the complaint is filed as an exhibit to the opinion.